THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILBANE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-11266 |
| | ) | |
| LIBERTY INSURANCE | ) | |
| UNDERWRITERS INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Defendant, Liberty Insurance Underwriters Inc. ("Defendant" or "Liberty"), by and through its attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of the United States District Court for the Northern District of Illinois, hereby removes this action filed in the Circuit Court of Cook County, Illinois, Case No. 2016-CH-15163, to the United States District Court for the Northern District of Illinois, Eastern Division and, and as grounds for removal, states as follows:

### BACKGROUND

1.      On or about November 18, 2016, Plaintiff, Gilbane, Inc. ("Plaintiff" or "Gilbane"), filed a Complaint for Declaratory Judgment and Other Relief (the "Complaint") against Defendant in the Circuit Court of Cook County, Illinois, Case No. 2016-CH-15163 (the "State Court Action").  (*See* Complaint and exhibits, attached hereto as **Exhibit A**.)  Defendant was served on December 8, 2016.  (*See* Summons, attached hereto as **Exhibit B**.) [1]

---

[1]   In accordance with 28 U.S.C. § 1446(a), **Exhibits A** and **B**, attached hereto, constitute all process, pleadings, and orders received or served upon Defendant in the State Court Action.

2. In the Complaint, Plaintiff alleges that Defendant sold it a directors and officers liability policy (the "D&O Policy") that obligates Defendant to advance defenses costs and indemnify Plaintiff with respect to two underlying lawsuits filed in the Superior Court of California, San Diego County: (1) *San Diegans for Open Government v. Sweetwater Union High School District, et al.*, and (2) *Sweetwater Union High School District v. Gilbane Building Company, et al.* (collectively, the "Underlying Cases"). (Compl. ¶¶ 1-3.)

3. Plaintiff seeks a declaratory judgment pursuant to 735 ILCS 5/2-701, and money damages, arising out of Defendant's alleged failure to advance defense costs to Plaintiff and its subsidiary. (*Id.*)

## DIVERSITY OF CITIZENSHIP

4. This Court has federal diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

5. As alleged in the Complaint, the only named plaintiff, "Gilbane, Inc. is a corporation organized under the laws of Rhode Island with its principal place of business in Providence, Rhode Island…." (Compl. ¶ 6.) Accordingly, Defendant is a citizen of Rhode Island.

6. Liberty Insurance Underwriters Inc. ("LIUI") is a corporation organized and existing under the laws of Illinois, and is a wholly-owned subsidiary of Liberty Mutual Insurance Company, which is a wholly-owned subsidiary of Liberty Mutual Group Inc., a Massachusetts company, and LIUI's principal place of business is in Boston, Massachusetts. Accordingly, Defendant is a citizen of Massachusetts. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280 (7th Cir. 1986) (corporation held to be citizen of state where its "nerve center" or "brain" was located).

2

7.     Thus, as this is a civil action between citizens of different states, diversity is complete for purposes of 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

8.     With respect to the amount in controversy, the Complaint alleges, "Defendant is obligated under the terms of the Policy to advance Defense Costs incurred…." (Compl. ¶ 31.) According to Plaintiff, "Liberty has refused to pay any of the over $600,000 in Defense Costs Gilbane has incurred in defending the Underlying Cases." (Compl. ¶ 32.)

9.     Based on the allegations and the nature of the damages sought, the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs, thereby satisfying the "amount in controversy" requirement for removal set forth in 28 U.S.C. § 1332(a).

## VENUE

10.     Venue within the Northern District of Illinois is proper.  The Circuit Court of Cook County, Illinois, where the Plaintiff filed its Complaint, is located within the Northern District of Illinois, Eastern Division.  Venue is therefore proper within the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 93 and 1441(a), because said district is the district and division embracing the place where such action is pending.

## NOTICE OF REMOVAL TIMELY FILED

11.     28 U.S.C. § 1446(b) provides that a defendant may file a notice of removal within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

12.     The Complaint was filed on November 18, 2016, less than thirty days prior to the filing of this petition. After the Complaint was filed Liberty learned of the Complaint, and Liberty was served on December 8, 2016.  (*See* Summons, attached hereto as **Exhibit B**.)  No

other process, pleadings, orders, and/or other papers concerning this action were received by Liberty prior to that time, or since. Therefore, this Notice of Removal is timely filed.

## CONCLUSION

13.     By reason of the amount in controversy and the complete diversity of citizenship, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a). Further, removal is timely pursuant to 28 U.S.C. § 1446(b).

14.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice with the Clerk of Circuit Court in Cook County, Illinois, and will give notice thereof to the Plaintiff.

15.     In filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including jurisdictional defenses.

WHEREFORE, Defendant, Liberty Insurance Underwriters Inc., notifies that this cause has been removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of the United States District Court for the Northern District of Illinois.

Respectfully submitted,

LIBERTY INSURANCE UNDERWRITERS INC.

By:     /s/ James K. Thurston

        One of Its Attorneys

4

James K. Thurston
Erik J. Tomberg
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
T:  312.704.0550
F:  312.704.1522
Firm No. 16741
james.thurston@wilsonelser.com
erik.tomberg@wilsonelser.com

2208492v.1